IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STATE OF TEXAS, § | |
|     PLAINTIFF, § | |
| § | |
| v. § | CIVIL CASE NO. 3:21-CV-1628-C-BK |
| § | |
| DELORIS PHILLIPS, § | |
|     DEFENDANT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, *pro se* Defendant Deloris Phillips' *Motion for Leave to File Notice of Removal* was automatically referred to the United States magistrate judge for findings, conclusions and recommendation where appropriate. Having been previously sanctioned, Phillips seeks permission to file a notice of removal. Doc. 2. For the reasons stated herein, the motion for leave to file should be **DENIED**.

"Phillips has been deemed a pernicious, abusive, and vexatious litigant by the United States Court of Appeals for the Fifth Circuit and by this Court." *Phillips v. Federal Bureau of Investigation*, 3:13-CV-1571-B, Doc. No. 10 (N.D. Tex. May 20, 2013) (citing *Phillips v. United Parcel Serv.*, No. 11-10766, Order at 1-2 (5th Cir. May 16, 2012)). As such, she is "prohibited from proceeding with any civil action in the United States District Court for the Northern District of Texas . . . unless she obtains from a district judge of this Court leave to proceed in this Court." *Phillips v. City of Dallas*, No. 3:14-CV-3131-M-BN, Civ. No. 25 (N.D. Tex. Jan. 14, 2015).

Phillips' motion for leave is difficult to decipher and largely nonsensical. Doc. 2 at 1-4. With her motion, Phillips includes about 40 pages of exhibits. Doc. 2 at 5-44. However, even

when liberally construed, Phillips does not assert any facts that warrant granting her leave to file a notice of removal from a Dallas County Municipal Court action. Phillips avers:

> Not one case in your court is frivolous that was filed by removant [sic] and Appellant Deloris Phillips. Said Court prematurely labeled appellate-defendant vexatious. Each and every case filed in your could will be explained with factual back up.

Doc. 2 at 1. Also, this Court previously has denied Phillips leave to file a similar municipal court action. *Columbia Luxar v. Phillips*, 3:20-CV-00467-X-BT (N.D. Tex. Sep. 24, 2020).

For the foregoing reasons, Phillips' motion for leave to file, Doc. 2, should be **DENIED** and this case **ADMINISTRATIVELY CLOSED.**

**SO RECOMMENDED** on July 28, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).